# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DARNELL M. DUKES,

        Petitioner,    :    Case No. 1:14-cv-545

- vs -    District Judge Sandra S. Beckwith
    Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
Chillicothe Correctional Institution,

                                    :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Darnell Dukes to obtain relief from his conviction in the Hamilton County Common Pleas Court on sixteen counts of possession of criminal tools. He pleads the following grounds for relief:

> **Ground One**: The trial court erred as a matter of law by overruling Appellant's motion to suppress, and as a result, denied Appellant's right to be free from unreasonable searches and seizures.
>
> **Ground Two:** The trial court erred by permitting irrelevant and prejudicial testimony into evidence, thus prejudicing Appellant's rights to a fair and impartial trial.
>
> **Ground Three:** The trial court erred as a matter of law by permitting other acts testimony into evidence, thus prejudicing Appellant's rights to a fair trial.
>
> **Ground Four:** Appellant was denied effective assistance of counsel in violation of his constitutional rights, thus prejudicing his rights to a fair trial.

1

>**Ground Five:** The evidence was insufficient as a matter of law to sustain Appellant's conviction.
>
>**Ground Six:** The trial court erred as a matter of law by improperly sentencing Appellant.

(Petition, ECF No. 1.) On Magistrate Judge Bowman's Order for Answer (ECF No. 4), the Warden has filed the state court record (ECF Nos. 9 & 10) and a Return of Writ (ECF No. 11). Petitioner filed a Reply (ECF No. 13) and the case is accordingly ripe for decision.

**Procedural History**

Dukes was indicted by the Hamilton County grand jury on sixteen counts of possessing criminal tools. He was arrested on an indictment warrant after completing a federal prison term in Texas on unrelated charges. A petit jury found Dukes guilty on all counts on October 26, 2012, and he was thereafter sentenced to the prison term from which he seeks release. He took a direct appeal to the Ohio First District Court of Appeals which affirmed the conviction on February 7, 2014. *State v. Dukes,*[1] Case Nos. C-120819 and C-120845 (1st Dist. Feb. 7, 2014)(unreported, copy at ECF No. 10, Ex. 29, PageID 1152-57). The Ohio Supreme Court declined to exercise jurisdiction over a further appeal. *State v. Dukes,* 139 Ohio St. 3d 1418 (2014). Dukes then filed this action June 23, 2014.

---

[1] References hereinafter to *State v. Dukes, supra*, are to this opinion.

2

# ANALYSIS

**Ground One:  Denial of Motion to Suppress**

In his First Ground for Relief, Dukes claims his constitutional rights were denied when the Ohio courts denied his motion to suppress.  The Fourth and Fifth Amendment claims in that motion are subject to separate analysis in habeas corpus.

**Fourth Amendment**

By his motion to suppress, Dukes challenged the admission in evidence of tangible objects seized from him by the State, alleging the seizure violated his rights under the Fourth Amendment.

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does.  The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of procedural rule prevents state court consideration of merits.  *Riley v. Gray*, 674 F.2d 522 (6th  Cir. 1982).  The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

The record shows that Dukes had a full and fair opportunity to litigate his Fourth Amendment claims in the state courts. He was in fact given a hearing on his motion to suppress and the First District considered his claim on the merits on direct appeal and rejected it. *State v. Dukes, supra*, PageID 1152-53.

Because Dukes was given a full and fair opportunity to litigate his Fourth Amendment claim in the state courts, this Court should dismiss the Fourth Amendment portion of his First Ground for Relief without reaching the merits.

**Fifth Amendment**

Dukes also sought to suppress, as improperly invading his privilege against self-incrimination, the statements he made to police on the evening when the tangible evidence was seized.

In deciding this claim on the merits, the First District held:

> Dukes further argues that his statements to the police should have been suppressed because they were made during a custodial interrogation before he was read his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The record shows that when police officers asked Dukes some preliminary questions about why he was present in the hotel room, he was under investigative detention and was not subject to custodial interrogation. Therefore, the police officers were not required to give him *Miranda* warnings at that time. See *State v. Garrison*, 2d Dist. Montgomery No. 24857, 2012-Ohio-3846, ¶ 17, 22, 25-27*; State v. Raine,* 8th Dist. Cuyahoga No. 90681, 2008-Ohio-5993, 1119-20; *State v. Schultz*, 23 Ohio App.3d 130, 134-136,491 N.E.2d 735 (10th Dist.1985).
>
> Once the police officers searched Dukes's duffle bag by consent and discovered a number of credit cards, Dukes became a focus of their investigation and the officers read him his *Miranda* rights. The record shows that Dukes knowingly, intelligently, and voluntarily waived those rights and that his statements were voluntary under the Due Process Clause of the United States Constitution. *See Lego v. Twomey*, 404 U.S. 477, 489, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); *State v. Dailey*, 53 Ohio St.3d 88, 91-92, 559 N.E.2d 459 (1990); *State v. Jones*, 1st Dist Hamilton No. C-080518, 2009-0hio-4190, ¶ 18-21. Consequently, the trial court did not err in overruling Dukes's motion to suppress, and we overrule his first assignment of error.

*State v. Dukes, supra*, PageID 1153-54.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). The same is true of state court findings of fact under 28 U.S.C. § 2254(d)(2): they are entitled to deference unless the petitioner demonstrates they are unreasonable determinations given the evidence presented in the

5

state courts.

In this case the trial court judge heard the evidence and gave cogent reasons for crediting the testimony offered by the State and discrediting Dukes' personal testimony. On appeal the First District applied the pertinent Supreme Court precedent and Dukes has not shown that application was objectively unreasonable. The Court should therefore dismiss the Fifth Amendment portion of the First Ground for Relief on the merits.

**Ground Two: Admission of Irrelevant and Prejudicial Testimony**

In his Second Ground for Relief, Dukes asserts the trial court erred in admitting evidence of the arrest and prosecution of Darryl Wilkerson for possessing re-encoded cards (Petitioner's Memorandum Brief, ECF No. 2, PageID 33-34). This claim was raised as Dukes' Second Assignment of Error on direct appeal and decided by the First District as follows:

> In his second assignment of error, Dukes argues that the trial court erred in admitting testimony about the arrest of another suspect, Darryl Wilkerson, and Wilkerson's possession of reencoded credit cards. Dukes argues that that evidence was irrelevant and unfairly prejudicial. This assignment of error is not well taken.
>
> First, Dukes acknowledges that he failed to object to most of the testimony of which he now complains, which precludes him from raising the issue on appeal unless it rises to the level of plain error. See *State v. Underwood,* 3 Ohio St.3d 12, 13, 444 N.E.2d 1332 (1983); *State v. Thomas,* 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, ¶ 23. Nevertheless, the evidence about Wilkerson and his arrest was relevant to show Dukes's involvement in the credit-card-reencoding scheme. See Evid.R. 401; *State v. Homschemeier,* 1st Dist. Hamilton No. C-110466, 2012-Ohio-2860, ¶ 33·
>
> Further, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. See Evid.R. 403(A); *State v. Hirsch,* 129 Ohio App.3d 294, 307, 717 N.E.2d 789 (1st Dist.1998). We cannot hold that the trial court abused its discretion

> in admitting the evidence, much less that its admission rose to the level of plain error. See *Hornschemeier* at ¶ 34; *Hirsch* at 307. Therefore, we overrule Dukes's second assignment of error.

*State v. Dukes, supra,* PageID 1154.

The Warden asserts this claim is procedurally defaulted because Dukes failed to object to most of the evidence in the trial court (Return, ECF No. 11, PageID 1217).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d

345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; *accord, Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

In this case, Ohio has a relevant rule which requires that a contemporaneous objection be made to the admission of evidence to preserve that objection for appeal. *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998). The First District enforced that rule by reviewing only for plain error. A state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v.*

*Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

The Sixth Circuit has repeatedly held Ohio's contemporaneous objection rule is an adequate and independent basis of state court decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 131 S. Ct. 185 (2010).

Therefore Dukes' Second Ground for Relief is barred from merit review by his procedural default. But if the Court could reach the merits, it would still be obliged to dismiss Ground Two because it states only an Ohio evidentiary claim, and not a federal constitutional claim.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*,

9

502 U.S. 62, 67-68 (1991).

When examining the record, it is evident that Dukes presented this claim to the state courts solely as an argument under the Ohio Rules of Evidence and not under the Constitution. Habeas relief may be available where a violation of state law "amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution." *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008), *cert denied*, 129 S. Ct. 1991 (2009). "State law errors may warrant habeas relief if the errors 'rise for some other reason to the level of a denial of rights protected by the United States Constitution.'" *Hoffner v. Bradshaw*, 622 F.3d 487, 495 (2010), *quoting Barclay v. Florida*, 463 U.S. 939, 957-58 (1983).

Given the necessity to explain Dukes' arrest, at least some background information on Wilkerson was necessary. Given Dukes' admissions to law enforcement during the initial search, it was not unfair to suggest to the jury that Dukes and Wilkerson were involved in a common scheme.

Ground Two should be dismissed.

**Ground Three:  Admission of Other Acts Testimony**

In his Third Ground for Relief, Dukes claims the trial court erred in permitting testimony about other bad acts on his part, particularly facts related to his involvement in drug trafficking (Petitioner's Memorandum Brief, ECF No. 2, PageID 35). Dukes raised this claim as his Third Assignment of Error on direct appeal and the First District decided it as follows:

> In his third assignment of error, Dukes contends that the trial court erred in admitting testimony regarding other bad acts he had committed. He argues that the trial court should not have allowed police officers to testify that he was a drug dealer because that

> evidence was irrelevant to the credit-card scheme and was unfairly prejudicial. This assignment of error is not well taken.
>
> Dukes failed to object to the testimony. The evidence showing that Dukes was involved in drug trafficking was relevant to show his motive, intent, and plan, and it was, therefore, admissible under Evid.R. 404(B). *See Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, at ¶ 20; *Hirsch* at 306. We cannot find that the trial court erred in admitting that evidence much less that it rose to the level of plain error. *See State v. Wickline*, 50 Ohio St.3d 114, 119-120, 552 N.E.2d 913 (1990); *Hirsch* at 309. Therefore, we overrule Dukes's third assignment of error.

*State v. Dukes, supra*, PageID 1155.

Dukes' Third Ground for Relief should be dismissed on the same basis as his Second Ground: it is procedurally defaulted for lack of a contemporaneous objection and it raises only an Ohio evidence law question. The Supreme Court has never held admission of other bad acts testimony violated the Constitution per se. *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*. 502 U.S. 62 (1991). Moreover, the drug testimony here was relevant to the whole criminal scheme in which Dukes was involved with Wilkerson.

Ground Three should be dismissed.

**Ground Four: Ineffective Assistance of Trial Counsel**

In his Fourth Ground for Relief, Dukes claims his trial attorney provided ineffective assistance when he failed to (1) object to prejudicial testimony by Secret Service agent Axt, (2) failed to object to prosecutorial misconduct in opening and closing statements; and (3) failed to object to the other acts evidence complained of in Ground Three (Petitioner's Memorandum Brief, ECF No. 2, PageID 36).

11

These three asserted deficiencies in counsel's performance are on the appellate record and therefore were required to be raised on direct appeal. *State v. Perry*, 10 Ohio St. 2d 175 (1967). Dukes did so as his Fourth Assignment of Error on appeal, which the First District decided as follows:

> In his fourth assignment of error, Dukes contends that he was denied the effective assistance of counsel. Dukes has not demonstrated that his counsel's representation fell below an objective standard of reasonableness or that, but for counsel's unprofessional errors, the result of the proceeding would have been otherwise. Therefore, he has failed to meet his burden to show ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 687-689, 104 S. Ct. 2052, 8) L.Ed.2d 674 (1984); *Thomas* at ¶50-52. We overrule Dukes's fourth assignment of error.

*State v. Dukes, supra,* PageID 1155.

Here, as with the second part of Ground One, the First District decided this claim on the merits, applying the correct federal standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). We are instructed by the Supreme Court to be doubly deferential under AEDPA to both the trial attorney's judgment and the state appellate court judgment.

> When evaluated under § 2254(d), a court's review of a *Strickland* claim is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009). The state court's own *Strickland* analysis must receive the benefit of the doubt, and "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, [562 U.S. 86] 131 S.Ct. 770, 788, 178 L. Ed. 2d 624 (2011).

*Washington v. McQuiggin*, 2013 U.S. App. LEXIS 14165 (6th Cir. 2013).

Dukes has not demonstrated the First District's decision is an unreasonable application of *Strickland*. In particular since that court's plain error review showed there was no error in admitting evidence about Wilkerson or about Dukes' drug trafficking activities, objection to this

12

testimony would not have been sustained and it was therefore not prejudicial to fail to object.

Ground Four should be dismissed.

**Ground Five:  Insufficient Evidence**

In his Fifth Ground for Relief, Dukes claims he was convicted on insufficient evidence (Petitioner's Memorandum Brief, ECF No. 2, PageID 37-38).

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).  Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after

enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011)(en banc).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a

> federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(*per curiam)*.

Dukes raised this claim as his Fifth Assignment of Error on direct appeal and the First District decided it as follows:

> In his fifth assignment of error, Dukes contends that the evidence was insufficient to support his convictions. Our review of the record shows that a rational trier of fact, after viewing the evidence in a light most favorable to the prosecution, could have found that the state proved beyond a reasonable doubt all of the elements of the sixteen counts of possessing criminal tools under R.C. 2923.24(A). Therefore, the evidence was sufficient to support the convictions. *See State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *State v. Ojile,* 1st Dist. Hamilton Nos. C-110677 and C-110678, 2012-Ohio-6015, at ¶ 48.

*State v. Dukes, supra*, PageID 1155-56.

There was testimony at trial that law enforcement found the sixteen re-encoded cards in a duffel bag that Dukes said was his. Each of those cards is one of the criminal tools he was convicted of possessing. He claims there was no proof that he intended to use them criminally, but the jury could reasonably have found that a person who possesses a card thus re-encoded intends to use them and the effect of using them would have been to commit theft and/or fraud.

In evaluating this claim. the First District relied on *State v. Jenks*, 61 Ohio St. 3d 259 (1991), which adopts for Ohio case law the standard prescribed by *Jackson v. Virginia*, 443 U.S. 307 (1979). Thus the First District's findings of fact are reasonably based on the evidence presented and its legal conclusion is not an objectively unreasonable application of *Jackson*. The Fifth Ground for Relief should therefore be dismissed.

15

**Ground Six:  Double Jeopardy and Improper Sentencing**

**Double Jeopardy**

In his Sixth Ground for Relief, Dukes claims his convictions are for allied offenses of similar import and therefore sentencing him separately on each of them violates his right not to be placed in jeopardy twice for the same crime (Petitioner's Memorandum Brief, ECF No. 2, PageID 39).

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).  The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other."  *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  Where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Albernaz v. United States*, 450 U.S. 333, 344 (1981); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ohio v. Johnson*, 467 U.S. 493, 499 (1984); *Garrett v. United States*, 471 U.S. 773, 779 (1985); *White v. Howes*, 586 F.3d 1025, 1035 (6th

Cir. 2009)("The current jurisprudence allows for multiple punishment for the same offense provided the legislature has clearly indicated its intent to so provide, and recognizes no exception for necessarily included, or overlapping offenses.") The *Blockburger* test is a rule of statutory construction, not a constitutional test in itself. *Volpe v. Trim*, 708 F.3d 688 (6th Cir. 2013), *citing Albernaz*. "When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes." *Volpe, citing Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989).

An Ohio court of appeals decision of a double jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 is entirely dispositive of the federal double jeopardy claim. *Jackson v. Smith*, 745 F.3d 206 (6th Cir. 2014), citing *State v. Rance*, 85 Ohio St. 3d 632 (1999), *overruled by State v. Johnson*, 128 Ohio St. 3d 153 (2010). "What determines whether the constitutional prohibition against multiple punishments has been violated is the state legislature's intent concerning punishment. Specifically, '[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'" *Jackson*, 745 F.3d at 211, *quoting Missouri v. Hunter*, 459 U.S. 359, 366 (1983).

Dukes raised an allied offenses claim as his Sixth Assignment of Error on direct appeal and the First District decided it as follows:

> In his sixth assignment of error, Dukes contends that the trial court improperly sentenced him. First he argues that all of the offenses of which he was convicted were allied offenses of similar import. Multiple violations of the same statute are not allied offenses of similar import under R.C. 2941.25(A). *State v. Peddicord,* 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 21; *State v, Morrison*, 5th Dist. Delaware No. 12 CAA 080053, 2013-Ohio-2182, ¶ 37-38 (both citing *Brewster*, 1st Dist. Hamilton Nos. C-030024 and C-030035, 2004-Ohio-2993, at ¶ 81).

*State v. Dukes, supra*, PageID 1156. The First District's decision that possession of sixteen separate re-encoded cards all at the same time does not make these convictions allied offenses of similar import under Ohio Revised Code § 2941.25 is completely dispositive of Dukes' Double Jeopardy claim.

**Improper Sentencing**

Dukes also claims he was improperly sentenced in that (1) he was entitled to be sentenced to community control because the counts of conviction are all fifth degree felonies; (2) he was entitled to concurrent rather than consecutive sentencing; and (3) the trial court abused its discretion in sentencing him without taking into account Ohio Revised Code §§ 2911.11(B) and 2929.12(A) – (E).

In deciding Dukes Sixth Assignment of Error on direct appeal, the First District considered and rejected each of these claims of violation of Ohio law. *State v. Dukes, supra,* PageID 1156-57. More importantly, this part of Ground Six is only concerned with questions of Ohio sentencing law. Violations of state sentencing law are not cognizable in federal habeas corpus unless the state court exceeds the maximum sentences that state law provides, which is not the case here. Abuse of discretion by a state court judge does not violate the United States Constitution. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

Ground Six should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 31, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).