**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Darnell M. Dukes, )
)
        Petitioner, ) Case No. 1:14-CV-545
)
vs. )
)
Charlotte Jenkins, Warden, )
Chillecothe Correctional Institution, )
)
        Respondent. )

O R D E R

    This matter is before the Court on Petitioner Darnell M. Dukes's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), Magistrate Judge Merz's Report and Recommendation (Doc. No. 16) recommending that Petitioner's petition be denied, and Petitioner's objections to the Report and Recommendation (Doc. No. 18).  For the reasons that follow, Petitioner's objections to Magistrate Judge Merz's Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation.  Petitioner's petition for a writ of habeas corpus is not well-taken and is **DENIED.**  Petitioner's petition is **DISMISSED WITH PREJUDICE.**

    Petitioner is a prisoner in the custody of the Ohio Department of Rehabilitation and Correction serving a total sentence of 72 months of imprisonment following his convictions on 16 counts of possessing criminal tools in violation of Ohio Rev. Code § 2923.24(A). Petitioner was arrested, charged, and convicted pursuant to a jury trial after the police discovered 16 re-encoded credit cards during a search of his hotel room and duffle bag. Petitioner's convictions and sentence were affirmed on direct appeal by the Ohio Court of

1

Appeals in February 2014. In June 2014, the Supreme Court of Ohio declined further review of Petitioner's appeal.

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in July 2014. Petitioner's petition raises six assignment of errors:

1) the trial court erred in denying his motion to suppress. This assignment of error alleges both a Fourth Amendment violation and a Fifth Amendment violation.

2) the trial court erred by admitting irrelevant and prejudicial testimony into evidence.

3) the trial court erred by admitting other acts testimony into evidence.

4) trial counsel was ineffective. This claim has three sub-assignments of error.

5) the evidence was insufficient as a matter of law to sustain his convictions.

6) the trial court erred by improperly sentencing him.

Respondent filed an answer to the writ (Doc. No. 11) and Petitioner filed a traverse (Doc. No. 13).

On July 31, 2015, Magistrate Judge Merz issued a Report and Recommendation recommending that Petitioner's habeas petition be denied, that the Court decline to issue a certificate of appealability, and that the Court deny Petitioner leave to proceed in forma pauperis on appeal. Petitioner filed timely objections to Judge Merz's Report and Recommendation which are now ready for disposition.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, the district court shall not grant a petition for a writ of habeas corpus on any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state-court opinion violates the "unreasonable application" clause of § 2254 when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state-court opinion will also involve the "unreasonable application" of Supreme Court precedent if it "either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context." Seymour v. Walker, 224 F.3d 542, 549 (6th Cir. 2000). The Supreme Court stated that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. In defining the meaning of the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

Pursuant to Fed. R. Civ. P. 72(b), this Court reviews de novo Magistrate Judge Merz's Report and Recommendation.

3

A. <u>Analysis</u>

1. <u>First Assignment of Error</u>

Petitioner alleges that the trial court erred in denying his motion to suppress. As mentioned before, this claim has two components.

First, Petitioner alleges that the police violated his Fourth Amendment rights by searching his hotel room and belongings without a search warrant or consent. Judge Merz concluded that this claim is not cognizable in federal habeas proceedings because Petitioner had an opportunity to litigate this claim in state court. Petitioner filed a motion to suppress, the trial court held an evidentiary hearing and denied his motion, and the court of appeals reviewed the motion and affirmed the trial court. Petitioner nevertheless objects. He contends that he did not have a full and fair opportunity to litigate his Fourth Amendment claim in state court because the trial court's factual findings and legal conclusions were not fairly supported by the record.

This objection is without merit. Petitioner presented his Fourth Amendment claim to both the state trial court and the state court of appeals. Both courts rejected Petitioner's claim on the merits. This process was sufficient to preclude federal review of this claim in § 2254 proceedings. <u>Good v. Berghuis</u>, 729 F.3d 636, 640 (6th Cir. 2013). Whether the state courts correctly decided Petitioner's motion to suppress is beyond the purview of federal habeas review. <u>Riley v. Gray</u>, 674 F.2d 522, 526 (6th Cir. 1982).

Second, Petitioner contends that his Fifth Amendment rights were violated when the trial court failed to suppress statements he made to the police allegedly without the <u>Miranda</u> warnings. Judge Merz concluded that the state court of appeals' conclusion that Petitioner was not under custodial interrogation when he gave some statements, and that he

4

voluntarily waived his Miranda rights when he gave other statements, was not an unreasonable determination of the facts. Judge Merz also concluded that the court of appeals' decision rejecting Petitioner's Fifth Amendment claim was not contrary to or an objectively unreasonable application of clearly established Supreme Court precedent.

Petitioner objects to Judge Merz's findings and recommendation on this claim but has not developed any cogent argument in support of his objections. Instead, Petitioner string cites cases and excerpts from the suppression hearing transcript which he apparently believes support his objections. He, therefore, arguably waived any objection to Judge Merz's resolution of this claim. Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

In any event, Judge Merz correctly analyzed this claim. Evidence presented by the prosecution during the suppression hearing shows that police officers obtained consent from Darryl Wilkerson to search his hotel room at the Extended Stay America hotel in Blue Ash, Ohio for evidence related to Wilkerson's possession of re-encoded credit cards. With assistance from the hotel manager, officers entered Wilkerson's hotel room, not expecting it to be occupied, and found Petitioner sleeping on the floor. The officers woke Petitioner and briefly handcuffed him until they ascertained his identity. When the officers verified his identity and learned he had no outstanding warrants, they uncuffed him. Petitioner then gave consent to search his duffle bag. The officers found more re-encoded credit cards in the duffle bag. The officers then gave Petitioner his Miranda rights. Petitioner waived his Miranda rights in writing and answered questions from the officers. Doc. No. 9-1, at 21-43.

The state court's determination that this sequence of events did not violate

5

Petitioner's Fifth Amendment rights was not an objectively unreasonable determination of the facts nor an unreasonable application of controlling Supreme Court precedent. The state court's decision on Petitioner's Fifth Amendment claim was consistent with a number of Supreme Court and Sixth Circuit cases indicating that officers may briefly detain - an even handcuff - a suspect without the stop ripening into a custodial interrogation if necessary for the officers' safety or to confirm or dispel reasonable suspicion of criminal activity. See Houston v. Clark County Sheriff Deputy John Does, 174 F.3d 809, 814-15 (6th Cir. 1999) (discussing cases). Petitioner has not cited any Supreme Court cases decided to the contrary on materially indistinguishable facts. Hanna v. Ishee, 694 F.3d 596, 605 (6th Cir. 2012). The court of appeals' decision is in fact consistent with cases such as Terry v. Ohio, 392 U.S. 1 (1968), Berkemer v. McCarty, 468 U.S. 420, 440 (1984), where the Court indicated that "Terry stops are [not] subject to the dictates of Miranda,"[1] and Schneckloth v. Bustamonte, 412 U.S. 218 (1973), where the Court held that an individual can validly consent to a search even though police do not advise him that he may refuse consent.

The cases Petitioner does cite, such as Missouri v. Seibert, 542 U.S. 600 (2004), and Dickerson v. United States, 530 U.S. 428 (2000), do not address the issue of questioning during an investigative detention but instead concern true custodial questioning in violation of Miranda, and therefore are distinguishable. Finally, Petitioner has not demonstrated by clear and convincing evidence that the state court's determination that he

---

[1] See also United States v. Ward, 400 Fed. Appx. 991, 996 (6th Cir. 2010) (police officers not required to give Miranda warnings before obtaining consent to search defendant's hotel room)

6

voluntarily consented to a search of his duffle bag and voluntarily waived his Miranda rights was erroneous. Mason v. Mitchell, 320 F.3d 604, 632 (6th Cir. 2003).

Accordingly, Petitioner's first object to the Report and Recommendation is **OVERRULED.**

### B. Second and Third Assignments of Error

Petitioner's second and third assignments of error concern evidentiary rulings the judge made during his trial. The second assignment of error alleges that the trial judge erred by admitting irrelevant and prejudicial testimony into evidence which, Petitioner claims, denied him of a fair and impartial trial. Specifically, Petitioner contends that the trial judge erred in admitting evidence that Darryl Wilkerson had been arrested and charged with possession of re-encoded credit cards. Petitioner's third assignment of error alleges that the trial court erred by admitting "other acts" evidence. Specifically, Petitioner contends that the trial judge erred by admitting testimony that he transported drugs in his car, testimony that a wire transfer Petitioner signed was indicative of drug trafficking, and evidence that he admitted transporting marijuana from California to Cincinnati to distribute it. Petitioner argues that this evidence was irrelevant to the issue of whether he was involved in an illegal credit card scheme. The state court of appeals considered both of these claims under the plain error standard since Petitioner failed to object to the admission of this evidence at trial and affirmed the trial judge's evidentiary rulings.

Judge Merz concluded that Petitioner procedurally defaulted both claims but in any event found that they did not constitute constitutional violations warranting habeas relief. Judge Merz noted that state court evidentiary rulings permit habeas relief only when they amount to a fundamental miscarriage of justice or a due process violation of the

7

Constitution. Judge Merz found that the admission of evidence concerning Wilkerson's involvement with re-encoded credit cards was appropriate in order to explain Petitioner's arrest and to suggest that Wilkerson and Petitioner were involved in a common scheme. Finally, Judge Merz noted that the Supreme Court has never held that the admission of other acts evidence amounts to a per se violation of the Constitution. Judge Merz also concluded that the other acts evidence was relevant to demonstrate the entire criminal scheme in which Petitioner and Wilkerson were involved.

Petitioner objects to Judge Merz's determination that he procedurally defaulted these assignments of error, but again his objections are so general he arguably has not preserved further review of the report. Petitioner, however, apparently asserts ineffective assistance of trial counsel as cause to excuse the procedural default. While ineffective assistance of trial counsel can excuse a procedural default, Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000), the petitioner still must demonstrate actual prejudice in order to obtain review of his claim on the merits. Jalowiec v. Bradshaw, 657 F.3d 293, 302 (6th Cir. 2011).

The Court, however, need not resolve the procedural default issue because claims of error concerning the state court's evidentiary rulings on the admissibility of evidence, including "other acts" evidence, are not cognizable in federal habeas proceedings. Bey v. Bagley, 500 F.3d 514, 519-20 (6th Cir. 2007). Moreover, the trial court's admission of evidence concerning Wilkerson's involvement with re-encoded credit cards was plainly relevant. Therefore, the trial court's admission of this evidence does not rise to the level of a due process violation which rendered Petitioner's trial fundamentally unfair. See id. (claim that trial court's admission of evidence rendered trial fundamentally unfair under the

8

Fifth and Fourteenth Amendments is cognizable in federal habeas proceedings). As the state court of appeals's opinion suggested, this evidence was part of the *res gestae* of Petitioner's case - it explained how the police came to learn of his involvement in a re-encoded credit card scheme. United States v. Thomas, 223 Fed. Appx. 447, 454 (6th Cir. 2007) ("Background or *res gestae* evidence consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense.") (internal quotation marks omitted).

The admission of the other acts evidence concerning Petitioner's involvement in marijuana trafficking was, at a minimum, relevant to show Petitioner's criminal intent in possessing re-encoded credit cards. As the case agent testified at trial, Petitioner admitted that he knew Wilkerson from prior marijuana transactions, that Wilkerson had introduced him to dealing in re-encoded credit cards, and that he wanted to get into "the card game." See Doc. No. 9-5, at 134-163; Doc. No. 9-6, at 77-83. The trial court's admission of this evidence did not violate Petitioner's right to a fair trial.

Accordingly, Petitioner's second and third objections to Magistrate Judge Merz's Report and Recommendation are overruled.

## C. Fourth Assignment of Error

Petitioner's fourth assignment of error alleges that trial counsel was ineffective for not objecting to the admission of irrelevant and "other acts" evidence and for failure to object to alleged prosecutorial misconduct during opening and closing statements. The alleged prosecutorial misconduct is related to the first two issues because it concerns the prosecutor's discussion of Petitioner's association with Darryl Wilkerson and the "other

9

acts" evidence. In his objections, Petitioner may also be claiming for the first time that his trial counsel failed to investigate his case and waived his speedy trial rights without his consent. Petitioner, however, has waived the latter two issues by raising them for the first time in his objections to the Report and Recommendation. Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

As to his preserved claims, the state court of appeals, applying Strickland v. Washington, 466 U.S. 668 (1984), held that trial counsel's performance was not constitutionally deficient and that Petitioner had failed to demonstrate prejudice. Judge Merz found that the state court of appeals' application of Strickland was not objectively unreasonable. Judge Merz noted that since the court of appeals determined there was no error in admitting this evidence, any objection to its admissibility would not have been sustained, and, consequently, Petitioner was not prejudiced by counsel's failure to object.

Petitioner's objections to Judge Merz's report remain general and conclusory. In any event, the Court agrees with Judge Merz's assessment of this claim for relief. Moreover, as just explained, this evidence was relevant on several issues during Petitioner's trial.

Accordingly, Petitioner's fourth objection to Judge Merz's Report and Recommendation is overruled.

### D. Fifth Assignment of Error

Petitioner's fifth assignment of error alleges that the evidence was insufficient to convict him of possession of criminal tools. He contends that the evidence was insufficient for a reasonable juror to conclude that he possessed the re-encoded credit cards with the intent to use them criminally. The state court of appeals ruled that, viewing the evidence in the light most favorable to the prosecution, a reasonable juror could find that the state

proved beyond a reasonable doubt all of the elements necessary to establish possession of criminal tools. Judge Merz determined that the state court of appeals did not unreasonably apply controlling Supreme Court precedent in concluding that the prosecution met its burden of proof on each element. Petitioner continues to string cite cases and transcript excerpts in his objections without attempting to develop any argument in support. Nevertheless, Judge Merz correctly assessed this assignment of error.

When a habeas petitioner argues that the evidence was insufficient to find him guilty of an offense, federal courts owe double deference to the state court's resolution of this claim - the federal court must give deference to the jury's verdict as contemplated by Jackson v. Virginia, 443 U.S. 307 (1979), *and* the federal court must give deference to the state court's application of the Jackson standard if it was not objectively unreasonable. White v. Steele, 602 F.3d 707, 710 (6th Cir. 2009). Pursuant to Jackson, the jury's verdict will be upheld against a challenge to the sufficiency of the evidence if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319.

In Ohio, the offense of possessing criminal tools has two elements: 1) the defendant had in his possession or control a device; and 2) with intent to use it criminally. Ohio Rev. Code § 2923.24(A); State v. Medley, No. 98AP-627, 1999 WL 77209, at *3 (Ohio Ct. App. Feb. 18, 1999). Petitioner's challenge to the sufficiency of the evidence readily fails under the Jackson standard. Petitioner's possession or control of the re-encoded cards was established by testimony that they were recovered from his duffle bag, thus establishing his constructive possession of the criminal devices. Petitioner's intent to use the re-encoded cards criminally was established by his own admissions to the case agent. For

11

instance, the case agent testified that Petitioner admitted obtaining re-encoded cards from Wilkerson in the past, that he had "tested" them, and that he wanted to "get into the card game." See Doc. No. 9-5, at 134-163; Doc. No. 9-6, at 77-83. Based on this evidence, a reasonable juror could easily conclude that Petitioner intended to use the re-encoded cards to steal money or property from others. As Judge Merz concluded, the state court of appeals' conclusion that the evidence was sufficient to sustain Petitioner's convictions was not an objectively unreasonable application of Jackson.

Petitioner's fifth objection to the Report and Recommendation is overruled.

### E. Sixth Assignment of Error

Petitioner's sixth assignment of error alleges that the trial court erred in not concluding that his convictions are allied offenses of similar import and that the court violated his rights under the Double Jeopardy Clause by sentencing him separately for each conviction. Judge Merz concluded that the state court's determination that Petitioner's possession of 16 separate re-encoded cards did not make his convictions allied offenses of similar import under Ohio law was dispositive of his federal double jeopardy claim. Judge Merz recommended dismissal of this assignment of error. Petitioner did not file a timely objection to Judge Merz's resolution of this claim and, therefore, waived further review of his double jeopardy claim by the Court. Fed. R. Civ. P. 72(b) (3)("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.")

### Conclusion

For the foregoing reasons, Petitioner's objections to Magistrate Judge Merz's Report and Recommendation are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. Petitioner's application for a writ of habeas corpus is not well-take and is **DENIED**. The petition is **DISMISSED WITH PREJUDICE.**

A certificate of appealability will not issue with respect to this order because Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists could not debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals. See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith. Therefore, Petitioner is **DENIED** leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**

Date September 14, 2015            s/Sandra S. Beckwith
                                                           Sandra S. Beckwith
                                             Senior United States District Judge