# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DARNELL M. DUKES,

        Petitioner,        :      Case No. 1:14-cv-545

- vs -        District Judge Sandra S. Beckwith[1]
        Magistrate Judge Michael R. Merz

WARDEN, Chillicothe
  Correctional Institution,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion to reopen pursuant to Fed. R. Civ. P. 60(b)(ECF No. 30).

Parts of the Motion seek to reopen the final judgment of the United States Court of Appeals for the Sixth Circuit in Case No. 15-4157. In that case the court of appeals denied Petitioner's request for a certificate of appealability from this Court's dismissal of his habeas corpus petition. *Dukes v. Warden*, Case No. 15-5147 (6th Cir. May 25, 2016)(unreported; copy at ECF No. 27). This Court has no jurisdiction to consider a request to modify a judgment of the Court of Appeals. Therefore those portions of the Motion that seek such relief should be denied for lack of jurisdiction.

Final judgment in this case was entered September 15, 2015 (ECF No. 22). Fed. R. 60(c)(1) requires that a motion under Rule 60(b) be filed "within a reasonable time" and no more

---

[1] In light of Judge Beckwith's retirement, the Clerk will reassign this case to another District Judge.

1

than a year after judgment if the motion is for relief under Rule 60(b)(1), (2), or (3). The portions of the Motion directed to this Court's judgment assert that the Court committed "fraud on the court" by not performing its judicial duty as Mr. Dukes sees it. Without commenting on whether a federal judge's failure to follow the law can ever constitute "fraud on the court," the Magistrate Judge notes that the instant Motion was not filed until May 12, 2017, far more than one year after the judgment was entered. Therefore those portions of the Motion directed to the District Court's judgment should be denied as untimely.

May 16, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).