UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARNELL M. DUKES, | CASE NO. 1:14CV545 |
| Petitioner, | JUDGE MICHAEL R. BARRETT |
| vs. | |
| WARDEN CHILLICOETHE CORRECTIONAL INSTITUTION, | |
| Respondent. | |

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 31). Petitioner filed Objections to the R&R (Doc. 33) and Respondent filed a Response (Doc. 34).

The Magistrate Judge recommends denying Petitioner's Motion to Reopen (Doc. 30) for two reasons. First, the Magistrate Judge concluded the Court has no jurisdiction to modify a judgment of the Court of Appeals. Second, the Magistrate Judge concluded Petitioner's motion was untimely pursuant to Fed. R. Civ. P. 60(b) because it was filed over a year after judgment was entered.

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." (*Id.*); see also 28 U.S.C.

§ 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing pro se will be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

When objections to an order of a magistrate judge are received on a non-dispositive matter, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72.

Similar to his motion, Petitioner continues to argue "fraud on the court." He essentially argues there has been fraud on the court because, in his view, the assessment of the facts in his case was inaccurate. Put simply, that is not the law. Moreover, even if Rule 60(b) provides some relief with respect to timing for actions of alleged fraud on the court, Petitioner nevertheless is required to show such fraud could not have been exposed within the one-year window. *See e.g., Apotex Corp. v. Merck & Co., Inc.*, 507 F.3d 1357, 1360 (Fed.Cir.2007). Petitioner has not produced evidence of fraud on the court nor has he explained why his motion could not have been brought within one year.

Moreover, Petitioner does not contest the Magistrate Judge's conclusion that this Court does not have jurisdiction to modify a judgment of the Court of Appeals. Upon review, the Court agrees this is precisely the relief Petitioner seeks in his motion.

To the extent Plaintiff attempts to object to the Magistrate Judge's R&R on any other basis, the Court finds such objections are insufficient to direct the Court's attention to any particular issues contained therein.

Consistent with the foregoing, Petitioner's Objections (Doc. 33) are **OVERRULED** and the Magistrate Judge's R&R (Doc. 31) is **ADOPTED IN ITS ENTIRETY**. Therefore, it is hereby **ORDERED** that Petitioner's Motion to Reopen (Doc. 30) is **DENIED**.

**IT IS SO ORDERED.**

*s/Michael R. Barrett*
MICHAEL R BARRETT
United States District Judge